# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
(Filed: March 20, 2018)
No. 15-972V

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| PAUL MONDELLO, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Decision Awarding Damages; |
| | * | Proffer; Hepatitis A Vaccine; |
| v. | * | Seizures |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

*Verne E. Paradie, Jr., Esq., Paradie, Sherman et al., Lewiston, ME, for petitioner.*
*Darryl Wishard, Esq., US Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Roth**, Special Master:

      On September 3, 2015, Paul Mondello ["Mr. Mondello" or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he suffered from seizures after receiving a hepatitis A vaccine on November 15, 2013. *See* Petition at ¶¶2, 4, 15, ECF No. 1. On January 24, 2018, the undersigned issued a ruling on entitlement, finding that petitioner was entitled to compensation. *See* Ruling on Entitlement, ECF No. 74.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent filed a proffer on March 20, 2018, agreeing to issue the following payment:

> **A lump sum of $50,995.29 in the form of a check payable to petitioner, Paul Mondello.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

    I adopt respondent's proffer attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                              **s/ Mindy Michaels Roth**
                                  Mindy Michaels Roth
                                  Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| PAUL MONDELLO, ) | |
| ) | |
| Petitioner, ) | No. 15-972V  ECF |
| ) | |
| v. ) | Special Master Roth |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## PROFFER ON AWARD OF COMPENSATION[1]

**I.   Procedural History**

On September 3, 2015, Paul Mondello ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 et seq. ("Vaccine Act").  Petitioner alleges that, as a result of receipt of the Hepatitis A ("Hep A") vaccine on November 15, 2013, he suffered from seizures.  The petition alleges a claim based on causation-in-fact.  On January 11, 2016, respondent filed his Vaccine Rule 4(c) report, denying that entitlement to compensation was appropriate in this case.  On January 24, 2018, the Special Master issued a ruling on entitlement, finding that petitioner was entitled to compensation.

**II.   Items of Compensation**

Petitioner has alleged entitlement to the following elements of compensation:  past and future pain and suffering, and past unreimbursed expenses.  Based upon the evidence of record, respondent proffers that petitioner should be awarded $50,995.29, which represents all elements

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

### III.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $50,995.29, in the form of a check payable to petitioner.[2] Petitioner agrees.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/Darryl R. Wishard*
DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4357

Dated:  March 20, 2018                          Fax: (202) 616-4310

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.