# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-972V
Filed: April 16, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| PAUL MONDELLO, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Attorneys' Fees and Costs; |
| | * | Respondent Does Not Object. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Verne E. Paradie, Jr., Esq.,* Paradie, Sherman, et al., Lewiston, ME, for petitioner.
*Darryl Wishard, Esq.,* U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On September 3, 2015, Paul Mondello ("Mr. Mondello," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed a seizure disorder after receiving a hepatitis A vaccination on November 15, 2013. *See* Petition ("Pet."), ECF No. 1. On November 15, 2016, the undersigned issued a Ruling on the Record finding that petitioner was not entitled to compensation. ECF No. 34. Petitioner filed a Motion for Review, which was granted. *See* Motion for Review, ECF No. 40; Opinion, ECF No. 44. This matter was remanded to the undersigned for further proceedings. Fact hearings were held on August 28, 2017, and September 7, 2017; the undersigned later issued a decision finding that petitioner was entitled to compensation. Ruling on Entitlement, ECF No. 74. On March 20,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

2018, the undersigned issued a Decision awarding compensation to petitioner based on respondent's proffer. *See* Decision, ECF No. 78.

Petitioner initially filed a Motion for Attorneys' Fees and Costs on December 2, 2016. ECF No. 37. Following the conclusion of the damages phase of this matter, petitioner filed a Motion to Strike his original application for fees, which was granted. ECF Nos. 82, 84.   On April 4, 2018, petitioner filed a Motion for Attorneys' Fees and Costs requesting attorneys' fees in the amount of $26, 960.00 and attorneys' costs in the amount of $5,088.82, for a total of $32,048.82.[3] Motion for Fees, ECF No. 83.

In accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses. Motion at 2-3.

On April 6, 2018, respondent filed a response to petitioners' Motion for Fees. Response, ECF No. 85. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3. Petitioner did not file a reply.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). Based on the reasonableness of petitioner's request, the undersigned GRANTS petitioner's motion for attorneys' fees and costs.

Accordingly, the undersigned **awards the total of $32,048.82**[4] in the form of a check jointly payable to petitioner and petitioner's counsel, Verne Paradie.

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/ Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[3] I have made no determination as to appropriate hourly rates in this matter; I merely conclude that the total sums requested seem reasonable and appropriate.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs*., 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.